IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
MERIDIAN DIVISION


ALDERWOOD MISSISSIPPI, INC., d/b/a
O.C. BARHAM FUNERAL HOME                                    PLAINTIFF

VS.                                  CIVIL ACTION NO. 4:08-cv-37-WHB-LRA

ROBERT BARHAM FAMILY FUNERAL HOME, LLC.                     DEFENDANT


## OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiff for Preliminary Injunction. The Court, having considered the Motion, Response, Rebuttal,[1] the attachments to the pleadings, the arguments and evidence presented during the hearing on the Motion, as well as supporting and opposing authorities, finds that the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

In 1985, O.C. Barham started the O.C. Barham Funeral Home in Meridian, Mississippi. In 1997, O.C. Barham sold the funeral home

---

[1] In addition to the subject Motion, Plaintiff filed a motion seeking leave to exceed the thirty-five page limit for supporting memoranda prescribed by Rule 7.2(E) of the Local Rules of this Court. Based on that same Rule, Defendant filed a motion seeking to strike the Rebuttal filed by Plaintiff. Finding that no prejudice will result in the event the Court considers the Rebuttal, the Court will grant the motion of Plaintiff for leave, and will deny the motion of Defendant to strike. Counsel for the parties is specifically warned, however, that the Court will hereafter strictly enforce Local Rule 7.2(E), and will not hereafter consider memoranda in excess of the thirty-five page limit unless leave of Court is first obtained.

to Plaintiff, Alderwoods Mississippi, Inc., d/b/a/ O.C. Barham Funeral Home ("Alderwoods"). The contract for sale provides, in relevant part:

> (A) <u>Purchase and Sale</u>. On the terms and subject to the conditions of this Agreement, Seller shall ... sell convey, transfer, assign and deliver to Buyer, and Buyer shall purchase and acquire from Seller ... all of the shares and the Additional Assets for [the stated purchase price].
>
> (B) <u>Assets and Additional Assets</u>. All assets, rights and properties and interests that are owned by the Company are referred to herein as the "Assets." The Additional Assets and the Assets are collectively referred to as the "Total Assets." At the closing, the Total Assets shall include all assets, rights and properties and interests owned by the Company or used by the Company in the Business, including, without limitation, the following...:
>
> ....
>
> (ix) <u>Intangible Assets</u>. All goodwill associated with the Company and Business, all intellectual property rights (including, without limitation, all patents, copyrights, trademarks, trade names, service marks, logos, slogans, promotions, literary property, trade secrets, know-how and other proprietary rights whether registered or unregistered) and applications therefor owned or used by the Company, including, without limitation, the trade names "Barham Funeral Home, Inc.", "Newton County Memorial Gardens, Inc.", "O.C. Barham, Inc.", "Forest Lawn Memorial Gardens", "Meridian Memorial Park Cemetery", "O.C. Barham Funeral Home", "Sumter County Memorial Gardens" and "Livingston Memorial Gardens", or any variations of such names ...

<u>See</u> Compl., Ex. 2 (Purchase Agreement).

On or about February 13, 2008, Robert Barham formed Defendant, Robert Barham Family Funeral Home, LLC, ("Defendant") and registered it with the Mississippi Secretary of State. Despite

2

written notification from Alderwoods of its "exclusive rights" to the "Barham Funeral Home" name, Robert Barham opened the "Robert Barham Family Funeral Home" in Meridian, Mississippi, in March of 2008. The Robert Barham Family Funeral Home is situated less than one mile from, and on the same thoroughfare as, the O.C. Barham Funeral Home.

On April 18, 2008, Alderwoods filed a lawsuit in this Court against Defendant alleging claims of trademark infringement in violation of the Lantham Act, specifically 15 U.S.C. § 1125(a), and unfair trade practices.[2] Through its Complaint, Alderwoods seeks monetary damages, attorneys fees, as well as an injunction barring Defendant from "using the name 'Robert Barham Family Funeral Home' and any other mark or designation confusingly similar to Barham Funeral Home." See Compl., Prayer for Relief.

On October 9, 2008, Alderwoods filed a Motion for Preliminary Injunction. A hearing on the Motion was held on December 18 and 22, 2008. The Court is now prepared to enter its Order on the subject Motion.

## II. Discussion

Alderwoods seeks a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Such relief is considered "an

---

[2] As Alderwoods has alleged a claim arising under federal law, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

extraordinary remedy." Mississippi Power & Light Co. v. United Gas Pipeline Co., 760 F.3d 618, 621 (5th Cir. 1985). Thus, to prevail on a motion for preliminary injunction, the moving party must establish:

> (1) there is a substantial likelihood that it will prevail on the merits, (2) there is a substantial threat that the party will suffer irreparable injury if the preliminary injunction is denied, (3) the threatened injury to the party seeking the injunction outweighs the threatened injury to the party to be enjoined, and (4) granting the preliminary injunction will not disserve the public interest.

Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Alderwoods brings a claim of trademark infringement under the Lantham Act, specifically 15 U.S.C. § 1125(a), which provides:

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). In order to prevail on its claim of trademark

4

infringement, Alderwoods must show that the "Barham Funeral Home" mark is protected, and that Defendant's use of the mark creates a likelihood of confusion in the minds of potential consumers as to the "source, affiliation, or sponsorship" of its funeral home. See Brennan's, Inc. v. Brennan, 512 F. Supp. 2d 559, 562 (S.D. Miss. 2007) (quoting Westchester Media v. PRL USA Holdings, Inc., 214 F.3d 658, 663-64 (5th Cir. 2000))(other citations omitted). See also Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 193 (5th Cir. 1998). The term "likelihood of confusion" for the purposes of a Lantham Act claim "is synonymous with a probability of confusion, which is more than a mere possibility of confusion." Westchester Media, 214 F.3d at 663 (citing Elvis Presley Enters., 141 F.3d at193). When evaluating whether a "likelihood of confusion" exists, the Court considers several factors including, but not limited to: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." American Rice, Inc. v. Producers Rice Mill, Inc., 518 F.3d 321, 329 (5th Cir. 2008).

After reviewing the pleadings, evidence, and arguments of the parties, the Court finds that while the evidence presented by Alderwoods is sufficient to create a genuine issue of material fact

with regard to whether its mark is protected and whether there is a likelihood of confusion in the minds of potential consumers for the purpose of its Lantham Act claim, the evidence is insufficient to show there is a substantial likelihood that it will prevail on the merits of that claim. Accordingly, the Court finds that the Motion of Alderwoods for Preliminary Injunction should presently be denied.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiff for Preliminary Injunction [Docket No. 32] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff for Leave to File Excess Pages [Docket No. 37] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant to Strike [Docket No. 43] is hereby denied.

SO ORDERED this the 13th day of January, 2009.

                                            s/William H. Barbour, Jr.
                                            UNITED STATES DISTRICT JUDGE