IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALDERWOODS MISSISSIPPI, INC. D/B/A
O. C. BARHAM FUNERAL HOME                                            PLAINTIFF

VS.                                                    CIVIL ACTION NO. 4:08cv37-WHB-LRA

ROBERT BARHAM FAMILY FUNERAL HOME, LLC                    DEFENDANT

## **ORDER**

This cause came before the Court for telephonic hearing on January 21, 2009, on the Motion to Compel filed by Robert Barham Family Funeral Home, LLC [hereinafter "Defendant"]. Defendant requests the Court to compel Alderwoods Mississippi, Inc. [hereinafter "Plaintiff"] to identify the 400 individual names, contact information, and responses which Defendant charges were considered and relied upon by Plaintiff and its expert, Dan Davis.

Fed.R.Civ. P. 26(a)(2)(B) entitles a party to "the data or other information considered by the witness in forming the opinions." According to Defendant, Plaintiff's expert Mr. Davis relied on the responses of each of these individuals; therefore, it is entitled to their identities and contact information. Additionally, under Rule 26(a)(1)(A)(I), parties must disclose the names and addresses and phone numbers of those persons likely to have discoverable information; Defendant contends that these persons have such information.

Plaintiff objects to the production of the individual names and addresses of the persons surveyed, contending that the information was not **relied** upon by Mr. Davis.

1

Plaintiff retained Mr. Davis as an expert witness. At his direction, the Southern Research Group conducted a telephone poll of some 400 residents of the Meridian area to determine the extent to which there was confusion among those residents between Plaintiff's business and Defendant's business. According to Plaintiff, Mr. Davis did not rely on the *identity* of these persons. Response, p. 2, *citing* Deposition of Dan Davis, Exhibit 1, at 43. Further, although Mr. Davis designed the questions in the survey, he did not even know that the computer-assisted telephone interviewing programs had captured names and contact information about the respondents. *Id.* at 50-51. Plaintiff contends that it has provided Defendant with the survey response data and more than 200 pages of documents comprising survey data, and this is *all* of the information upon which Mr. Davis relied in reaching his conclusion. Citing *TV-3 Inc. v. Royal Ins. Co. Of America*, 193 F.R.D. 490, 492 (S.D. Miss. 2000), Plaintiff asserts that only information "considered" by its expert, "relied upon by the experts" and "reviewed by the experts" must be produced under Fed.R.Civ.P. 26(a)(2)(B)(2). According to Plaintiff, Mr. Davis did not consider, rely upon, or review the names and addresses of the survey respondents.

Plaintiff also contends that these survey respondents are not individuals "likely to have discoverable information," which must be identified under Fed. R. Civ. P. 26(a)(1)(A)(I). Citing *United States v. Dentsply Internat'l, Inc.*, 2000 WL 654378, at *7, *8 (D. Del. 2000), as supporting authority, Plaintiff asserts that these persons are not likely to have such information because their responses are part of a survey rather than being relevant as individual opinions. If Defendant intends to attack the validity of the survey results, it should test the methodology, not re-interview the survey respondents, according

2

to this holding. *Dentsply*, 2000 WL at *8, citations omitted. Finally, Plaintiff asserts that allowing Defendant to contact the 400 respondents who live in the Meridian area would create a risk that the jury pool in this action will be tainted and that respondents may become biased against one or the other party to this action. When the persons were surveyed, they were not told that the survey involved a lawsuit.

Defendant contends that Plaintiff used the survey results in other pleadings to challenge a statistic regarding how many persons were customers of Defendant. Therefore, it is entitled to the list of 400 responders in order to challenge or confirm that assertion. During oral argument, defense counsel assured the Court that Defendant only wanted the list of names in order to determine how many of its customers were part of the poll; only its own customers would be contacted.

Based upon Mr. Davis's assertion that he did not know the identities of any of the survey respondents, the information would not be discoverable under Rule 26(a)(2)(B). The actual identities of the survey respondents are not relevant to Mr. Davis's expert opinion, and he did not rely on or use or even know the identities; Defendant has not rebutted this assertion. The Court agrees with the *Dentsply* holding: the appropriate way to challenge the survey would be to test the methodology. Notwithstanding this finding, the Court notes that the list is not protected by any privilege.

Under Rule 26(b)(1), one party may discover any nonprivileged matter that is relevant to any party's claim or defense; relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Although the probative value may be slight, the Court finds that the list of

3

persons, along with each person's phone number, may be discovered. Under the circumstances of this case, this information could lead to the discovery of admissible evidence.

Plaintiff is concerned that if defense counsel contacts 400 Meridian area individuals, the jury pool will be significantly reduced. Defense counsel agreed that he would only contact those persons on the list who were or are currently Defendant's clients. Based upon this agreement, any concerns regarding the jury pool should be ameliorated.

IT IS, THEREFORE, ORDERED:

1. Defendant's Motion to Compel is **granted** insofar as Plaintiff is directed to provide only the names and phone numbers of the respondents to the survey. The Court orders and directs that unless prior approval is obtained by the Court, Defendant [or any person acting on its behalf or request] shall not contact any person on the list unless Defendant first identifies him or her to Plaintiff as a current or past client.

2. Plaintiff shall provide the list of names to Defendant. Within fourteen days, Defendant shall identify to Plaintiff which persons are current or past clients of Defendant. This requirement is stayed pending the settlement conference to be conducted on January 29th.

3. This case is hereby set for settlement conference on Thursday, January 29, 2009, at 9:30 A.M., in the office of the undersigned. On or before noon on

January 28, 2009, counsel shall submit confidential settlement memorandum to the undersigned via email to the chambers.

4. Plaintiff's contested motion for extension of time to complete discovery [#56] shall be considered at the settlement conference.

SO ORDERED, this the 22nd day of January, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE